UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN MARIE ISAACSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>　　　　　　Defendant. | CASE NO. C16-1254JLR<br><br>ORDER |

Before the court are Plaintiff Karen Marie Isaacson's "Motion to compel preservation of electronic evidence by defendant" (MTC (Dkt. # 17) at 1 (capitalization altered)) and "Motion to request inclusion of supplemental material in Plaintiff's original complaint" (MTA (Dkt. # 18) at 1 (capitalization altered); *see also* Req. to Supp. (Dkt. # 19) at 1). Ms. Isaacson's motion to compel is improper because she failed to meet and confer with counsel for Defendant Secretary of Housing and Urban Development ("HUD") prior to filing the motion. *See* Fed. R. Civ. P. 37(a)(1) (requiring that a motion

ORDER - 1

1  to compel "include a certification that the movant has in good faith conferred or
2  attempted to confer with the person or party failing to make disclosure or discovery in an
3  effort to obtain it without court action"); Local Rules W.D. Wash. LCR 37(a)(1)
4  (elaborating on the meet-and-confer requirement). The court denies Ms. Isaacson's
5  motion to compel (Dkt. # 17) for failing to meet and confer prior to filing the motion.[1]
6       The court also STRIKES Ms. Isaacson's motion to amend. Ms. Isaacson failed to
7  comply with Local Civil Rule 15, which requires Ms. Isaacson to file a proposed
8  amended complaint that identifies any differences between her prior complaint and her
9  proposed amended complaint. Local Rules W.D. Wash. LCR 15. In addition, the court
10 notes that any amended complaint would supersede the original complaint and render it
11 without legal effect. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). It
12 appears based on Ms. Isaacson's attempted supplementation that she is unaware of this
13 legal rule. Finally, the court notes that Ms. Isaacson's proposed supplementation appears
14 to contain considerable evidence, as opposed to additional allegations. (*See* Mot. to
15 Amend; Req. to Supplement.) Allegations, not evidence, support a plaintiff's claims at
16 the pleadings stage. *See* Fed. R. Civ. P. 8. For the foregoing reasons, the court STRIKES
17 //
18 //
19 //

---

[1] The court stresses to Ms. Isaacson, as it indicated in its January 3, 2017, order, that she must comply "with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Civil Rules. Materials to assist *pro se* litigants, including a copy of the Local Civil Rules, are available on the United States District Court for the Western District of Washington's website." (1/3/17 Order (Dkt. # 16) at 2.)

Ms. Isaacson's motion to amend (Dkt. # 18) WITHOUT PREJUDICE to renewing the motion.[2]

Dated this 27th day of January, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court will consider any renewed motion to amend that comports with the Federal Rules of Civil Procedure and Local Civil Rules.

ORDER - 3